Alla Gulchina
Alla@pricelawgroup.com
**PRICE LAW GROUP, APC**
86 Hudson Street
Hoboken, NJ 07030
T: (818) 600-5566
F: (818) 600-5466
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAULINE MANDL and TIFFANY MANDL,<br><br>Plaintiffs,<br><br>vs.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Pauline Mandl ("Pauline") and Tiffany Mandl ("Tiffany"), together as "Plaintiffs", through their attorneys, allege the following against Defendant, Navient Solutions, LLC ("Defendant" or "Navient"):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Plaintiffs reside in the State of New Jersey, and therefore, personal jurisdiction is established.

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff, Pauline, is a natural person residing in East Windsor, Mercer County, New Jersey.

6. Plaintiff, Tiffany, is a natural person residing in Bedminster, Somerset County, New Jersey.

7. Defendant, Navient is a financial institution with its principal place of business located in Wilmington, Delaware. Defendant can be served with process through its designated agent, Corporation Service company, at Bank of America CTR, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect an alleged debt from Plaintiffs.

9. The alleged debt is a loan in Tiffany Mandl's name. Pauline Mandl is Tiffany's mother and a co-signer on the loan.

10. In or around September of 2017, Defendant began placing calls to Plaintiffs' cellular phone numbers at 609-240-7471 and 609-462-9272, to collect on the alleged debt.

11. The calls mainly originated from: (856) 242-2505; (617) 762-5958; (202) 899-1319; (765) 637-0784; (317) 550-5582; (302) 261-5509; (703) 439-1085; (513) 914-4619; (512) 377-9222; (570) 904-8754; (386) 269-0515; (615) 432-4236; (716) 707-3377; and (607) 271-6207. Upon information and belief, these numbers are owned and/or operated by Defendant.

12. On or about September 1, 2017, at 11:20 a.m., Plaintiff, Pauline, answered a call from Defendant originating from (856) 267-2505. Plaintiff heard a pause before a Navient representative began to speak.

13. Defendant's representative informed Pauline that it was attempting to collect a debt.

14. During that call, Pauline asked Defendant to stop calling her. Despite her request, she continued to receive calls to her cellular phone.

15. On or about September 13, 2017, at 8:55 a.m., Plaintiff, Pauline, answered a second call from Defendant originating from (202) 899-1319. Plaintiff heard a pause before a Navient representative began to speak.

16. Defendant's representative informed Pauline that it was attempting to collect a debt.

17. During that call, Pauline asked Defendant to stop calling her. Despite her second request, she continued to receive calls to her cellular phone.

18. Pauline received phone calls from Defendant to her cellular phone almost every day during month of September, sometimes up to five calls per day.

19. Further, Defendant began placing calls to Pauline's home in addition to the calls to her cellular phone. Oftentimes, Defendant would call Pauline's home and later in the same day, call her cellular phone.

20. Almost each call placed to Pauline's home phone was accompanied by a voicemail.

21. On October 24, 2017, Defendant placed a phone call to Pauline's cellular phone, originating from (512) 377-9222, at 5:53 p.m. Two minutes later, at 5:55 p.m., Pauline received another call and a voicemail from the same number.

22. On December 15, 2017, Defendant placed four calls to Pauline's cellular phone at 9:46 a.m., 12:35 p.m., 3:14 p.m., and 4:51 p.m. Each of those calls originated from (716) 707-3377.

23. Defendant called Pauline's cellular phone approximately forty-seven (47) times between September 1, 2017 and February 7, 2018 after she revoked consent to be contacted on her cellular phone.

24. On or about August 31, 2017, at 11:37 a.m., Plaintiff, Tiffany, answered a call from Defendant originating from (856) 242-2503. Plaintiff heard a pause before a Navient representative began to speak.

25. Defendant's representative informed Tiffany that it was attempting to collect a debt.

26. During that call, Tiffany asked Defendant to stop calling her. Despite her request, she continued to receive calls to her cellular phone.

27. Tiffany received phone calls from Defendant to her cellular phone alarmingly frequently during the months of June, July, and August.

28. On or about September 1, 2017, at 12:53 p.m., Tiffany answered a second call from Defendant.

29. During that call, Tiffany asked Defendant to stop calling her for at least the second time. Despite her request, Tiffany continued to receive calls to her cellular phone.

30. Throughout the month of September, Tiffany revoked consent to be called any further at least eleven times. Those conversations occurred at the following times: September 5 at 9:33 a.m.; September 7 at 2:36 p.m.;

September 8 at 12:30 p.m.; September 11 at 2:33 p.m.; September 14 at 2:18 p.m.; September 19 at 12:53 p.m.; September 20 at 8:37 a.m. AND at 11:36 a.m.; and September 21 at 5:15 p.m. and October 9 at 4:39 p.m.

31. Despite the repeated revocations of consent to be contacted on her cellular phone any further, Defendant continued to place phone calls to Tiffany frequently.

32. On September 20, 2017, Defendant placed five phone calls to Tiffany's cellular phone at 8:37 a.m., 11:36 a.m., 1:00 p.m., 2:35 p.m., and 8:28 p.m.

33. The next day, September 21, 2017, Defendant placed five more phone calls to Tiffany's cellular phone at 8:55 a.m., 9:35 a.m., 12:27 p.m., 1:45 p.m., and 5:15 p.m.

34. On or about September 25, 2017, Defendant placed four phone calls to Tiffany's cellular phone at 8:56 a.m., 12:45 p.m., 2:33 p.m., and 5:10 p.m.

35. On or about October 9, 2017, at 4:39 p.m., Tiffany answered a call from Defendant originating from (317) 550-5582.

36. During that call, Tiffany asked Defendant to stop calling her for approximately the twelfth time. Despite her request, she continued to receive calls to her cellular phone.

37. In addition, Defendant began placing calls to Tiffany's work phone. Oftentimes, Defendant would call Tiffany's work phone and immediately after, call her cellular phone.

38. On or about November 13, 2017, Defendant placed a call to Tiffany's cellular phone at 9:40 a.m. At 9:41 a.m., Defendant placed a call to Tiffany's work phone.

39. On or about November 16, 2017, Defendant placed a call to Tiffany's work phone at 1:34 p.m. and within the same minute placed a second phone call to her cellular phone.

40. In addition to the incessant phone calls, Defendant left Tiffany a multitude of voicemails. Most of the voicemails contained language relating to time-sensitive options for repayment or they mentioned that the account was being transferred to another office.

41. In total, Tiffany received approximately fifteen (15) voicemails from Navient regarding repayment of her loan.

42. Defendant called Tiffany's cellular phone approximately seventy-six (76) times between September 2017 and January 2018 after Plaintiff had revoked consent to be contacted on her cellular phone on multiple occasions.

43. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when

certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

44. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

45. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

46. Defendant disrupted Plaintiffs' days with the constant calls on cellphone, home phone and work phones.

47. The conduct was not only willful but was done with the intention of causing Plaintiffs such distress, to induce them to pay the debt.

48. Defendant called Plaintiffs in a manner to predict the times he they would be available to answer their phones.

49. For example, Defendant called Pauline at 9:00 a.m. (September 15, 2017), 9:01 a.m. (September 16, 2017), 9:08 a.m. (September 18, 2017), 8:55 a.m. (September 21, 2017), 8:46 a.m. (September 22, 2017), and 8:58 a.m. (September 25, 2017).

50. Plaintiff, Tiffany, is a school counselor during the work week and an Intensive In-Community therapist in patient's homes during the evenings and weekends. Her mode of communication with clients, colleagues and supervisors is solely on her cell phone.

51. During many sessions with her students, her sessions were interrupted with calls by Defendant causing a distraction in the workflow of the sessions.

52. When Defendant was unable to reach Plaintiff, Tiffany, they would leave messages on her cellular phone and work line causing Tiffany extreme embarrassment. On one occasion Defendant left a message with the school secretary asking for a call back when they were told Tiffany did not want to receive calls.

53. The stress, frustration and anxiety caused Plaintiff to overeat and gain weight.

54. Due to Defendant's conduct, both Plaintiffs have sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

55. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

57. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA,

Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Tiffany and Pauline Mandl, respectfully request judgment be entered against Defendant, Navient Solutions LLC, for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: June 22, 2018 **PRICE LAW GROUP, APC**

By:*/s/ Alla Gulchina*
Alla Gulchina
86 Hudson Street
Hoboken, NJ 07030
T: (818) 205-2466
F: (818) 380-7666
E: alla@pricelawgroup.com
Attorneys for Plaintiffs,
Tiffany and Pauline Mandl